GILBERTSON, Chief Justice
(concurring in result).
[¶ 18.] I join only in the Court’s reversal of this conviction as it continues to adhere to a doctrine which has now been rejected even by its state of origin. I continue to believe that this Court’s analysis in State v. Disanto is flawed. See generally Disanto, 2004 SD 112, ¶¶ 45-57, 688 N.W.2d 201, 213-216 (Gilbertson, C.J., dissenting). So does the Supreme Court of California.
[¶ 19.] The Court’s opinion in Disanto relied in part on a California Court of Appeals decision, People v. Adami, 36 Cal.App.3d 452, 111 Cal.Rptr. 544 (1973), and three other decisions following Adami. See Disanto, 2004 SD 112, ¶¶ 23-26, 688 N.W.2d at 208-209 (citing State v. Molasky, 765 S.W.2d 597, 600 (Mo.1989); State v. Otto, 102 Idaho 250, 629 P.2d 646 (1981); State v. Davis, 319 Mo. 1222, 6 S.W.2d 609 (1928)). After our decision in Disanto, the Supreme Court of California disapproved Adami and what is characterized as a “small number” of authorities following Adami, which included the Disanto decision. People v. Superior Court, 41 Cal.4th 1, 9-10, 157 P.3d 1017, 1023, 58 Cal.Rptr.3d 421, 427 (2007). The California Supreme Court ultimately concluded:
But for [the hired killer’s] status as an undercover detective, it is likely that [the defendant’s] conduct would have resulted in the murder of these victims. Where, as here, the defendant’s intent is unmistakable, “‘the courts should not destroy the practical and common-sense administration of the law with subtleties as to what constitutes preparation and what constitutes an act done toward the commission of a crime.’ ”
Id. at 13, 157 P.3d at 1025, 58 Cal.Rptr.3d at 428.
[¶20.] I would reverse the conviction herein as it was no more than a discussion in a bar about drugs. No money was produced, nor were any drugs. No specific follow-up activity occurred in furtherance of a sale — just more talk.